IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHELE BAILON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1022-L** |
| | § | |
| **LANDSTAR RANGER, INC. and** | § | |
| **CAMARA PERCIVAL, JR.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On April 15, 2016, Defendant Landstar Ranger, Inc. ("Landstar") removed this action to federal court. Landstar contends that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of costs and interest, exceeds $75,000. The court questions whether there is complete diversity of citizenship between the parties because of the conflicting language set forth in paragraph four of Defendant's Notice of Removal. In paragraph four, Landstar is referred to as a corporation, with Delaware being its state of incorporation and Dallas, Texas, being its principal place of business. In paragraph six, Landstar is referred to as a limited liability corporation "with its principal place of business in Delaware."

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis on which jurisdiction depends must be alleged affirmatively

and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Given the inconsistent statements between paragraphs four and six of the Notice of Removal, the court is unable to determine whether Landstar is a corporation or a limited liability company. As such, the court is unable to determine the citizenship of all parties and whether it has subject matter jurisdiction over this action. Therefore, to ensure that this court has jurisdiction to hear this action, Landstar must file an Amended Notice of Removal addressing the pleading defects identified by the court by **May 13, 2016**. If Landstar fails to comply with this order, the court will remand this action to the 44th Judicial District Court, Dallas County, Texas, for lack of subject matter jurisdiction.

**It is so ordered** this 28th day of April, 2016.

Sam A. Lindsay
United States District Judge