IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELE BAILON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1022-L** |
| | § | |
| **LANDSTAR RANGER, INC. and** | § | |
| **CAMARA PERCIVAL, JR.,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion to Remand (Doc. 7), filed May 13, 2016.  After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.      Background**

Michele Bailon ("Plaintiff" or "Bailon") originally filed this action in the 44th Judicial District Court, Dallas County, Texas, against Landstar Ranger, Inc. ("Landstar") and Camara Percival, Jr. ("Percival") (collectively, "Defendants").  Bailon contends that Percival, while acting within the course and scope of his employment with Landstar, was negligent, negligent per se, and grossly negligent when his vehicle violently collided with Bailon's vehicle on April 27, 2015.  Plaintiff contends that she sustained severe injuries, and she seeks compensation for the injuries.

Landstar removed the action to federal court on April 15, 2016, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Plaintiff disagrees and contends that Defendants have not established that complete diversity of citizenship exists between the parties.

**Memorandum Opinion and Order – Page 1**

## II.    Jurisdictional Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.   28 U.S.C. §§ 1331, 1332.   Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).   Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.   *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).   A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction.   *Kokkonen*, 511 U.S. at 377 (citations omitted).   "[S]ubject-matter jurisdiction cannot be created by waiver or consent."   *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.   Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.   *Ruhgras AG v. Marathon Oil Co.*,

526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th

Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a

court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts

evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420,

424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure

to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts

in the record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*,

798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be

accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Diversity of citizenship exists between the parties only if each plaintiff has a different

citizenship from each defendant.  *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d

1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of

citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same

citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.

2003) (citation omitted).   "[T]he basis upon which jurisdiction depends must be alleged

affirmatively and distinctly and cannot be established argumentatively or by mere inference."

*Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2

(5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal

of the action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of

removal "must allege diversity both at the time of the filing of the suit in state court and at the time

of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations

omitted).  Such failure, however, is a procedural defect and may be cured by filing an amended

notice.  *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is,

where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman*

*v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and

'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity

purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v.*

*Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and

quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the

state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48

(1989)).

A corporation is a "citizen of every State . . . by which it has been incorporated and of the

State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  In defining or

explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place
> where a corporation's officers direct, control, and coordinate the corporation's
> activities.  It is the place that Courts of Appeals have called the corporation's "nerve
> center."  And in practice it should normally be the place where the corporation
> maintains its headquarters—provided that the headquarters is the actual center of
> direction, control, and coordination, [that is], the "nerve center," and not simply an
> office where the corporation holds its board meetings (for example, attended by
> directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

For diversity purposes, the amount in controversy normally is determined by the amount

sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith.

**Memorandum Opinion and Order – Page 4**

28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

The amount in controversy is not in dispute, as Plaintiff clearly requests more than $1,000,000.  Pl.'s Original Pet. ¶ 9.  Accordingly, the court will only address the diversity-of-citizenship prong of diversity jurisdiction.

## III.    Analysis

### A.    Parties' Contentions

Bailon contends that diversity jurisdiction is lacking for three reasons: (1) the lack of complete diversity between the parties, (2) violation of the "forum defendant" rule, and (3) untimely removal.  Landstar counters that complete diversity exists between the parties because each Defendant has a different citizenship from Plaintiff.  Specifically, Landstar asserts that Texas is not the state where it has its principal place of business.  Landstar also argues that the removal

**Memorandum Opinion and Order – Page 5**

was timely because the initial Notice of Removal was filed within thirty days of receipt or service of Plaintiff's Original Petition ("Petition") as required by the removal statute.

### B.      Discussion

According to Plaintiff's Petition, she contends that Landstar is a Texas citizen.  She alleges that Landstar maintains its principal place of business in Texas and that Defendants did not dispute or deny the allegation of Plaintiff's Petition that Texas is the state where Landstar has its principal place of business.  Plaintiff also points out that Landstar stated in its initial Notice of Removal that it was incorporated in Delaware and had its corporate office and principal place of business in Illinois.  Bailon further points out that, in Landstar's response to Plaintiff's Motion to Remand, Landstar included an affidavit that stated it was a Delaware corporation with its principal place of business in Florida.  According to Plaintiff, the three different locations regarding Landstar's principal place of business establish ambiguity as to the state where Landstar has its true principal place of business.  Because of this ambiguity, Bailon contends that Landstar's principal place of business is uncertain and that Landstar has failed to show that complete diversity exists between Plaintiff and Defendants.  Defendants ultimately submitted the affidavit of Rocco Davanzo, Executive Vice President of Capacity Development for Landstar, in which he states that Landstar is a Delaware corporation with its principal place of business in Jacksonville, Florida.

First, Bailon's argument regarding lack of diversity between the parties is fundamentally flawed.  It was Plaintiff who made the unsupported argument that Landstar "is a Texas citizen because it maintains its principal place of business in Texas as alleged in Plaintiff's [O]riginal [Petition]."  Pl.'s Mot. to Remand (quoting Pl.'s Original Pet. 3-4).  The Petition says nothing about Landstar's principal place of business.  It only alleges that Landstar "is a Delaware

corporation which has systematic and continuance contacts with and does a substantial amount of business in Dallas County, Texas."  Pl.'s Original Pet. ¶ 4.

Second, while Landstar has made inconsistent statements regarding its principal place of business, the court believes that it has met its burden regarding diversity of citizenship.  In its last iteration, Landstar submitted an affidavit of one of its vice presidents that Landstar's principal place of business was in Jacksonville, Florida.  While the affidavit is inconsistent with previous statements made by Landstar regarding its principal place of business, the affidavit, unlike the other assertions regarding Landstar's principal place of business, was made under oath and subjects the affiant to criminal penalties of perjury or making false statements; or to civil sanctions. The court, therefore, accepts the statements made under oath over those without such solemnity. Further, the affidavit of Mr. Davanzo, contains sufficient facts consistent with the Supreme Court's test in *Hertz* for determining a corporation's principal place of business.

The record establishes that Plaintiff is a citizen of Texas, that Percival is a citizen of California, and that Landstar is a citizen of Delaware and Florida.  As Landstar and Percival are not citizens of Texas, complete diversity of citizenship exists between the parties.

Third, Bailon argues that the removal of this action violates the long-established rule that an in-state or forum defendant may not remove, even if diversity exists.  *See* 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of [diversity of citizenship and the amount in controversy] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.").  This argument is without merit, and the rule does not apply, as neither Landstar nor Percival is a citizen of Texas.

Fourth, Bailon's argument that Landstar untimely removed this action also is without merit. Plaintiff acknowledges that the initial Notice of Removal was timely; however, she contends that,

**Memorandum Opinion and Order – Page 7**

because Landstar did not initially establish or sufficiently allege the basis for diversity jurisdiction within 30 days after it was served,* the Amended Notice of Removal was untimely.  This argument misses the mark, as the failure to allege the basis for jurisdiction with the requisite specificity is a procedural defect rather than a jurisdictional defect, and such procedural defect may be cured by the filing of an amended notice of removal.  *In re Allstate*, 8 F.3d 219, 221 & n.4 (citations omitted).  The Amended Notice of Removal and the affidavit of Mr. Davanzo cured any defect as to whether Landstar is a citizen of Texas.

## IV.    Conclusion

For the reasons stated herein, the court **concludes** that Landstar has met its burden and established that complete diversity of citizenship exists between the parties.  Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 3rd day of November, 2016.

Sam A. Lindsay
United States District Judge

---

*Generally, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

**Memorandum Opinion and Order – Page 8**