# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHELE BAILON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1022-L** |
| | § | |
| **LANDSTAR RANGER, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Partial Summary Judgment (Doc. 43), filed September 21, 2018. After careful consideration of the motion, response,[1] record, and applicable law, the court **denies** Defendant's Motion for Partial Summary Judgment (Doc. 43).

### I. Procedural and Factual Background

This action arises from a vehicular accident that occurred near the interchange between Interstate Highway 20 East and Interstate Highway 635 North in Balch Springs, Texas, on April 27, 2015. Michele Bailon ("Plaintiff" or "Ms. Bailon") originally filed this action on March 4, 2016, in the 44th Judicial District Court of Dallas County, Texas, against Landstar Ranger, Inc., ("Landstar") and Camara Percival, Jr. ("Mr. Percival") for negligence, negligence per se, and gross negligence.

Ms. Bailon contends that Mr. Percival, while acting within the course and scope of his employment with Landstar, was negligent, negligent per se, and grossly negligent when his vehicle

---

[1] Defendant Landstar Ranger, Inc. did not file a reply to the response.

**Memorandum Opinion and Order – Page 1**

violently collided with her vehicle on April 27, 2015. She contends that she sustained severe injuries, and she seeks compensation for her injuries.

Landstar removed the action to federal court on April 15, 2016, contending that complete diversity of citizenship existed between the parties and that the amount in controversy, exclusive of interest and costs, exceeded $75,000. Ms. Bailon disputed whether complete diversity of citizenship existed between the parties.[2] The court ultimately ruled that complete diversity of citizenship existed between the parties.

Landstar denies Ms. Bailon's claims of negligence, negligence per se, and gross negligence. It also contends that it is not liable to her for any injuries that she may have suffered. Further, Landstar seeks summary judgment on her claims for exemplary or punitive damages, as it contends that she has not presented any evidence to establish a genuine dispute of material fact to show that gross negligence exists to award exemplary or punitive damages.

Ms. Bailon disagrees. She contends that sufficient evidence in the record exists to raise a genuine dispute of material fact regarding her entitlement to exemplary or punitive damages and that the court should deny Landstar's motion for partial summary judgment. The court agrees with Plaintiff.

## II.    Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas*

---

[2] On April 27, 2017, Mr. Percival died. On November 14, 2017, Plaintiff nonsuited him, and the court dismissed him from this action without prejudice on November 30, 2017, and directed the clerk of court to reopen this action against Landstar.

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

**Memorandum Opinion and Order – Page 3**

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

Landstar has correctly stated the legal standard to recover for exemplary or punitive damages under Texas law; however, the court disagrees that summary judgment is appropriate regarding Ms. Bailon's claim of gross negligence. This is so because there are genuine disputes of material fact regarding what actually happened on April 27, 2015. The court has read the relevant depositions. Based on the court's review, there is definitely a conflict in the testimony regarding important facts, and the credibility of the persons deposed, and any other witness who testifies in this action, must be determined by the jury. As stated previously, a court "may not make credibility determinations or weigh the evidence" in deciding a motion for summary judgment. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254-55. In this case, Ms. Bailon's testimony is at odds with that of alleged eyewitness Mr. Frank Albanese, who, from what the court can ascertain by reading his deposition, did not observe the entire collision or what led up to it.

Moreover, his testimony is at odds in part, with that of Christopher Cortemelia, the police officer who investigated the accident. Further, the court, at this juncture, has some questions or concerns with some of the testimony of Officer Cortemelia regarding the conclusions or opinions he reached. The court will address this matter by separate order, and the concerns of the court are not necessarily the opinions offered by him but the failure of the parties to develop sufficiently the bases for some of his opinions.

It is hornbook law that determining the credibility of witnesses and the weight to be given to the evidence falls exclusively within the province of the jury. The jury will decide which witnesses to believe, and how much of a particular witness's testimony to believe or disbelieve. In this case, if the jury elects to believe Ms. Bailon's account of the accident over that of other witnesses, there is sufficient evidence for it to rule in her favor on her request for exemplary or punitive damages. On the other hand, if the jury disbelieves her, she will not prevail on the gross negligence claim or the negligence claim. This is a classic jury case in which the facts are hotly disputed, and the jury could rule in favor of either party. When facts are so hotly contested, courts are extremely reticent to grant summary judgment. The more prudent approach is to allow the case to proceed to the jury and entertain, as appropriate, a motion under Rule 50 of the Federal Rules of Civil Procedure.

## IV. Conclusion

For the reasons stated herein, the court determines that genuine disputes of material fact exist regarding Plaintiff's gross negligence claim and whether she is entitled to exemplary or punitive damages. Accordingly, the court **denies** Defendant's Motion for Partial Summary Judgment (Doc. 43).

**It is so ordered** this 25th day of September, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge