# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICHELE BAILON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-1022-L** |
| | § | |
| LANDSTAR RANGER, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Michele Bailon's Motion to Exclude the Opinions and Testimony of Officer Christopher Cortemelia (Doc. 44), filed September 21, 2018; Plaintiff's Motion to Set a Status Conference (Doc. 51), filed May 21, 2019; and Plaintiff's Second Motion to Set a Status Conference (Doc. 53), filed September 25, 2019. After careful consideration of the motions, responses, record, reply and applicable law, the court **denies without prejudice** Plaintiff Michele Bailon's Motion to Exclude the Opinions and Testimony of Officer Christopher Cortemelia (Doc. 44); **grants** Plaintiff's Motion to Set a Status Conference (Doc. 51); and **denies as moot** Plaintiff's Second Motion to Set a Status Conference (Doc. 53).

## I.     Motion to Exclude

### A.     Procedural and Factual Background

This action arises from a vehicular accident that occurred near the interchange between Interstate Highway 20 East and Interstate Highway 635 North in Balch Springs, Texas, on April 27, 2015. Michele Bailon ("Plaintiff" or "Ms. Bailon") originally filed this action on March 4, 2016, in the 44th Judicial District Court of Dallas County, Texas, against Landstar Ranger, Inc.,

("Landstar") and Camara Percival, Jr. ("Mr. Percival") for negligence, negligence per se, and gross negligence.

Ms. Bailon contends that Mr. Percival,[1] while acting within the course and scope of his employment with Landstar, was negligent, negligent per se, and grossly negligent when his vehicle violently collided with her vehicle on April 27, 2015. She contends that she sustained severe injuries, and she seeks compensation for her injuries.

Landstar apparently intends to call Officer Cortemelia as an expert at the trial of this action. Ms. Bailon seeks to exclude the opinions and testimony of Officer Cortemelia. Her grounds for excluding his opinions and testimony are:

- Officer Cortemelia is not an accident reconstruction expert. Federal Rule of Evidence 702 and *Daubert* preclude him from offering testimony in the capacity of an accident reconstructionist to determine causation.

- His opinions also do not qualify as admissible lay opinion testimony under Federal Rule of Evidence 701. Officer Cortemelia was not a witness to the accident[,] and his opinions in his police report are based upon inadmissible hearsay within hearsay. He cannot offer opinion testimony on the cause of the accident. Moreover, the information regarding causation in his report is demonstrably unreliable, as evidenced by the deposition testimony of an eye witness who stated that Officer Cortemelia's version of events are impossible.

- Officer Cortemelia's testimony and opinions must be limited to those facts of which he has personalized knowledge—such as observations he made at the scene of the accident or witness statements that he personally took.

Pl.'s Mot. to Exclude 1 (Doc. 44).

---

[1] On April 27, 2017, Mr. Percival died. On November 14, 2017, Plaintiff nonsuited him, and the court dismissed him from this action without prejudice on November 30, 2017, and directed the clerk of court to reopen this action against Landstar.

**Memorandum Opinion and Order – Page 2**

Landstar opposes striking Officer Cortemelia's opinions and testimony. It contends that the court should not strike his testimony because:

> Officer Cortemelia's personal observations at the scene, combined with his training and experience, allowed him to offer an opinion regarding the motor vehicle accident at issue in this case. Plaintiff's argument that Officer Cortemelia should not be able to offer an opinion because he is not an accident reconstructionist and he did not speak with eyewitnesses is a red herring. According to Officer Cortemelia this was a "normal accident" that occurs frequently at this intersection[,] and it does not require accident reconstruction training. Plaintiff has not, and cannot, offer any evidence disputing this point. Officer Cortemelia was able to form an opinion regarding the cause of the accident – he believes Plaintiff was 100% at fault – based on (i) his observations of the location and damage to the vehicles, (ii) his years of experience working in the Traffic Division of Balch Springs Police Department, where the accident occurred, (iii) his personal experience with this interchange, and (iv) his (intermediate and advanced) training in accident investigation. No advanced accident reconstruction training or eyewitness statements were necessary to form an opinion here. Even if Court excludes his opinions regarding the cause of the accident are, which it should not, Officer Cortemelia should nevertheless be allowed to testify regarding his observations at the scene.

Def.'s Resp. to Pl.'s Mot. to Exclude 1-2 (Doc. 48).

### B. Standard for the Admissibility of Expert Testimony Under Federal Rule of Evidence 702

The admissibility of evidence is a procedural issue governed by federal law. *See Reed v. General Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985). Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The trial court acts as a "gatekeeper" to ensure that "any and all scientific evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "*Daubert*'s general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge" that is non-scientific in nature. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). In *Kumho Tire,* the Supreme Court resolved a split among the circuits and held that *Daubert*'s "gatekeeping" function applied to all expert opinion testimony based on specialized knowledge, not merely scientific expert testimony.

As part of its gatekeeping role, the court determines the admissibility of expert testimony based on Rule 702, and *Daubert* and its progeny. The amendments to Federal Rule of Evidence 702, effective December 1, 2000, essentially codify *Daubert* and *Kumho Tire.* The Advisory Committee's Notes to Rule 702 state that the determination of whether an expert's opinions are reliable is based upon sufficient facts or data that calls for a "quantitative rather than qualitative analysis." In addressing this issue, the "question is whether the expert considered enough information to make the proffered opinion reliable. . . . The expert must base [his or her] opinion on at least the amount of data that a reliable methodology demands." 29 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6268 (2d ed. 1987). Further, in reviewing a *Daubert* challenge, the court makes no credibility determinations; it only decides whether the threshold reliability standards have been satisfied. *See* Fed. R. Evid. 702 Advisory Committee's Notes (2000 Amendments).

"The court may admit proffered expert testimony only if the proponent . . . demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *E.E.O.C. v. S & B Indus., Inc.*, No. 3:15-CV-641-D, 2017 WL 345641, at *2 (N.D. Tex.

**Memorandum Opinion and Order – Page 4**

Jan. 24, 2017) (citing *Kumho Tire Co.*, 526 U.S. at 147) (internal quotation marks omitted). The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10; *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). The court's inquiry is flexible in that "[t]he relevance and reliability of expert testimony turn[] upon its nature and the purpose for which its proponent offers it." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citation omitted). To be relevant, "expert testimony [must] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (quoting *Daubert*, 509 U.S. at 591). "Relevance depends upon 'whether [the expert's] reasoning or methodology properly can be applied to the facts in issue.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 593); *see also* Fed. R. Evid. 702(d) (requiring that an "expert has reliably applied the principles and methods to the facts of the case").

"Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight*, 482 F.3d at 352 (quoting *Daubert*, 509 U.S. at 592-93); *see also* Fed. R. Evid. 702(c) (requiring that "testimony [be] the product of reliable principles and methods"). "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight*, 482 F.3d at 355 (citation and internal quotation marks omitted). "The reliability prong mandates that expert opinion be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief," *Johnson*, 685 F.3d at 459 (internal quotation marks omitted); however, "there is no requirement that an expert derive his opinion from firsthand knowledge or observation." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 746 (5th Cir. 2017) (internal quotation marks omitted).

"The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595; *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 623 (5th Cir. 2018) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)). "The proponent need not prove to the judge that the expert's testimony is correct, but [it] must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (internal quotation marks omitted). On the other hand, if "there is simply too great an analytical gap between the [basis for the expert opinion] and the opinion proffered," the court may exclude the testimony as unreliable, as "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

"[C]ourts consider the following non-exclusive list of factors when conducting the reliability inquiry: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or method has been generally accepted by the scientific community." *Johnson*, 685 F.3d at 459 (internal quotation marks omitted). These factors, however, are not definitive or exhaustive. The reliability inquiry is flexible, and the district court conducting the *Daubert* analysis has discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony. *Daubert*, 509 U.S. at 593-95; *Kumho Tire Co.*, 526 U.S. at 142.

The Advisory Committee's Notes to Rule 702 contemplate that expert testimony may be based on experience, training, or both:

> Nothing in this amendment is intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony. *See, e.g., United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997) (no abuse of discretion in admitting the testimony of a handwriting examiner who had years of practical experience and extensive training, and who explained his methodology in detail); *Tassin v. Sears Roebuck*, 946 F. Supp. 1241, 1248 (M.D. La. 1996) (design engineer's testimony can be admissible when the expert's opinions "are based on facts, a reasonable investigation, and traditional technical/mechanical expertise, and he provides a reasonable link between the information and procedures he uses and the conclusions he reaches"). *See also Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1178 (1999) (stating that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.").

Fed. R. Evid. 702 Advisory Committee's Notes (2000 Amendments).

The Advisory Committee's Notes to Rule 702 further explain: "If the witness is relying solely or primarily on experience, then [he or she] must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.* This is because the "trial court's gatekeeping function requires more than simply taking the expert's word for it" that the claimed basis supports the opinion. *Id.* (citation and internal quotation marks omitted); *Pipitone*, 288 F.3d at 245-47 (finding expert testimony reliable when the expert explained how his experience in the field led him to opine that an absence of contamination of some samples did not undermine his conclusion that the plaintiff's infection came from the same drug). Overall, the trial court must strive to ensure that the expert, "whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. As stated earlier, the relevance and reliability of expert testimony turn upon its nature and the purpose for which its proponent offers the

testimony. *See, e.g., Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006) ("Of course, whether a proposed expert should be permitted to testify is case, and fact, specific.") (citing *Kumho Tire*, 526 U.S. at 150-51).

The district court's gatekeeping role, however, is not meant "to serve as a replacement for the adversary system: Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Primrose Operating Co. v. National Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996)); *accord Williams*, 898 F.3d at 624 (quoting *Daubert*, 509 U.S. at 596). Thus, the district court's "*Daubert* analysis should not supplant trial on the merits," *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citation omitted), and, generally speaking, issues regarding the bases and sources of an expert's opinion that affect the weight of an opinion rather than the admissibility of the opinion "should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). The reasoning behind this general rule is consistent with the Advisory Committee's Notes to Rule 702, which state:

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.

Fed. R. Evid. 702 Advisory Committee's Notes (2000 Amendments).

At times, practitioners confuse and misapprehend Federal Rules of Evidence 701 and 702. Rule 701 pertains to opinion testimony by lay witnesses, and Rule 702 pertains to opinion

testimony by experts or specialists in a particular field. The difference between the types of opinion testimony is aptly stated as follows:

> If the witness is only testifying as a lay witness, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences [that] are (a) rationally based on the perception of the witness[;] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue[;] and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning [that] can be mastered only by specialists in the field." *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (internal quotations omitted). As explained by the Second Circuit, "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005). Moreover, any part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701. Fed. R. Evid. 701 advisory committee's note.

*United States v. Cooks*, 589 F.3d 173, 179-80 (5th Cir. 2009).

Accordingly, this standard serves as the basis for the court's ruling on Plaintiff's motion. Based on this standard and for the reasons stated, the court will deny without prejudice Plaintiff's motion and permit it to refile its motion to exclude.

### C. Discussion

The court has included a comprehensive standard regarding testimony by experts. Because of the parties' failure to adhere to the parameters of Rule 702, *Daubert*, and *Kumho Tire*, the court does not have a sufficient legal basis to grant Plaintiff's motion.

Ms. Bailon takes the position that Officer Cortemelia is not an expert in accident reconstruction and hones in on his lack of qualifications in this regard. The court believes Plaintiff's focus is misdirected. The focus should be whether Officer Cortemelia is qualified as an expert or specialist with respect to the investigation of motor vehicle accidents and, therefore, whether he can render opinions as to causation. Formal training and certificates are certainly

factors in making this determination, but Plaintiff appears to believe that this is the only way one can become an expert in a particular field. The ultimate question is whether Officer Cortemelia has the requisite experience to render an opinion as to the cause of the accident made the basis of this action. In other words, experience alone may be the predominant or sole basis for reliable expert testimony. The court is aware of no authority that necessarily requires a certificate or license to be obtained in every area or field before expert testimony can be admitted.

In reading Officer Cortemelia's deposition, the court notes that he relied to a large degree on his "experience" in rendering his opinions; however, adequate and specific inquiry was not made into what that experience entails. Many of the questions in the deposition were asked in a general, nonspecific manner, and the answer was often given in a likewise manner. Both parties assumed that the court, and, apparently the jury, would understand the import of the questions and answers. Whether a party is an opponent or proponent of a 702 witness, there must be a sufficient evidentiary and legal basis for the court to admit or exclude the testimony under Rule 702.

One thing that bears heavily on qualifications is the basis for the opinion rendered by an expert. *Ms. Bailon has not convinced the court that Officer Cortemelia's opinions should be excluded, and Landstar has not convinced the court that his opinions should be allowed.* This is so because neither party has approached this issue in accordance with what is set out in Rule 702 for the court to make a determination one way or the other regarding Officer Cortemelia's opinions. In this regard, the parties need to revisit Rule 702 and provide the court with specific, not general, facts and arguments regarding their respective positions. There is a lot of emphasis on Officer Cortemelia's qualifications, or the lack thereof, but neither his qualifications nor the reasons he comes to certain conclusions are fully developed.

Another problem the court has with Officer Cortemelia's testimony is that he is unable to state the source of some of the evidence on which he relies, as he cannot recall whether he talked to any witnesses regarding the accident. In other words, how did he determine certain facts regarding the movement of the vehicles, their respective positions at the time of impact and the ultimate resting place of Ms. Bailon's vehicle? He testified about "the physics" of the accident, but he provides no explanation as to the importance of physics and how he knows that physics would dictate that the accident occurred in the manner that he opined it did. These are matters that both parties should have explored and developed in detail.

Further, there is not sufficient development as to whether Officer Cortemelia had sufficient facts or data for him to render his opinions; there is insufficient discussion or explanation of the principles and methodology used to investigate the accident and whether he reliably applied those principles to the facts of this case. Once again, this was not adequately developed.

All in all, neither side has sufficiently developed the bases, or the lack thereof, for the opinions rendered by Officer Cortemelia. Neither side has made its case for the exclusion or admissibility of Office Cortemelia's opinions. For these reasons, the court is unable to determine whether Officer Cortemelia's opinions should be excluded or allowed.

To ensure that the court has sufficient information to determine whether Officer Cortemelia's opinion testimony should be allowed or excluded, it will deny without prejudice Plaintiff's motion to exclude; permit the parties to redepose Officer Cortemelia on a limited basis; and allow them to ask specific and detailed questions regarding his qualifications to render an opinion regarding causation. Officer Cortemelia must detail his experience and state specifically what an accident investigation entails. Further, if he renders an opinion, he is to give the underlying facts that support the opinion and explain how his experience supports that opinion. In

**Memorandum Opinion and Order – Page 11**

any event, even if there is no opposition to the testimony of a 702 witness, the court, at least as part of its gatekeeping function, "must create a record of its *Daubert* inquiry and 'articulate its basis for admitting expert testimony. . . .'" *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 201 (5th Cir. 2016) (citation omitted). The court simply cannot do this, at this time, given the state of the record.

## II. Motion to Set a Status Conference

The court will grant this motion by Plaintiff for a conference so that it and the parties can discuss a trial date, as well as the supplemental deposition of Officer Cortemelia. This case is over three years old, and it needs to be resolved expeditiously by trial or settlement between the parties. The court's judicial assistant will contact counsel next week and set up a date for a telephonic status conference.

## III. Conclusion

For the reasons stated herein, the court **denies without prejudice** Plaintiff Michele Bailon's Motion to Exclude the Opinions and Testimony of Officer Christopher Cortemelia[2] (Doc. 44); **grants** Plaintiff's Motion to Set a Status Conference (Doc. 51); and **denies as moot** Plaintiff's Second Motion to Set a Status Conference (Doc. 53).

**It is so ordered** this 27th day of September, 2019.

Sam A. Lindsay
United States District Judge

---

[2] Nothing in this opinion prohibits Officer Cortemelia from testifying to matters that he personally observed at the scene of the accident; however, he may not express an opinion as a lay witness as to causation unless such opinion meets the test of Rule 701.

**Memorandum Opinion and Order – Page 12**