IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHELLE BAILON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-cv-1022-L** |
| | § | |
| **LANDSTAR RANGER, INC.,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

On November 30, 2020, the court issued its Memorandum Opinion and Order (Doc. 63) and directed the parties to confer and file a joint status report by December 14, 2020, indicating five separate dates in three different months starting February 2021 on which all parties and witnesses are available for trial. The parties did not respond to or comply with the court's order. The court believes that dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the parties have not prosecuted or complied with the court's order.

The Second Amended Scheduling Order (Doc. 35 at 11) warns the parties that failure to comply with any order issued by the court could end in dismissal or other appropriate sanctions by the court. The Second Amended Scheduling Order was in effect at the time the court issued its Memorandum Opinion and Order (Doc. 63) on November 30, 2020.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for a party's failure to prosecute or comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citation omitted); *Long v. Simmons,* 77 F.3d 878, 879 (5th Cir. 1996) (footnote and citation omitted). "This authority flows from the court's inherent power to control

its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). The court's decision to dismiss an action, however, is materially affected by whether the dismissal is to be with or without prejudice. "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d at 880 (footnote and citation omitted). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin*, 756 F.2d at 401 (quoting *Rogers v. Kroger*, 669 F.2d 317, 321-22 (5th Cir. 1982)).

The court does not know the bases for the parties' failure to comply with the court's order by submitting the required response. In any event, finding no record of purposeful delay or contumacious conduct in this instance, the court determines that dismissal without prejudice of all claims in this action is the appropriate sanction for the parties' failure to comply with the court's Memorandum Opinion and Order of November 30, 2020.

For the reasons stated herein, this action is hereby **dismissed without prejudice**. All allowable and reasonable costs are taxed against the party incurring them.

**It is so ordered** this 18th day of December, 2020.

Sam A. Lindsay
United States District Judge

Order – Page 2